IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| GEORGE MERCIER and<br>MARISA C. MERCIER, | )<br>)<br>) | Case No. 07-281-EJL-MHW |
| Plaintiffs, | )<br>)<br>) | **REPORT AND RECOMMENDATION** |
| v. | )<br>) | **APPLICATION TO PROCEED**<br>**IN FORMA PAUPERIS AND** |
| FEDERAL BUREAU OF<br>INVESTIGATION, | )<br>)<br>) | **INITIAL REVIEW ORDER** |
| Defendant. | )<br>) |  |

**REPORT AND RECOMMENDATION**

Plaintiff George Mercier, acting *pro se*, is suing the Federal Bureau of Investigation. Plaintiff filed a Motion to Proceed *In Forma Pauperis* and a complaint titled "Extraordinary Petition" on June 26, 2007. Docket Nos. 1, 2.

**I.**
**BACKGROUND**

The Court takes judicial notice under Fed. R. Evid. 201(c) that George Mercier has filed one hundred twenty-five cases in the United States District Court for the District of Nevada, seventy-five of which were filed between April 2006 and April 2007. *See Mercier v. Federal Bureau of Investigation*, No. 2:07-CV-418-RLH-LRL (D. Nev. Apr. 24, 2007). The Nevada District Court has entered an injunction barring Mercier from filing any new complaints or petitions without payment of all filing fees. *See Mercier v. United States Secret Serv.*, No. 2:07-

REPORT AND RECOMMENDATION - 1

CV-428-RLH-LRL (D. Nev. Apr. 20, 2007).  In each case, Mercier has filed a complaint accompanied by an application to proceed *In forma pauperis* to avoid paying the filing fee, as in this case.  *Id.*  None of the cases filed in the Nevada District Court have progressed passed the screening stage, some having been denied for incomplete applications, others denied based upon the recommendation of various Magistrate Judges assigned to the cases.  *Id.*  Although the Court can not confirm with absolute certainty that the Plaintiff in this case is the same George Mercier filing matters in the District of Nevada, the Court notes that the cases filed are similar, and Plaintiff has the same Las Vegas, Nevada post office box as George Mercier in the Nevada cases.

## II.
## DISCUSSION

**A.     Application to Proceed *In Forma Pauperis*.**

28 U.S.C. § 1915 allows the Court to authorize the commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor."  The decision to grant or deny *in forma pauperis* status under § 1915 lies within the sound discretion of the Court.  *See Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. Cir. 1963).

For any litigant to file a civil complaint in federal court, the filing fee must be paid in full at the time of filing, or a motion seeking *in forma pauperis* status may be filed allowing the litigant to pay the filing fee over time.  In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

Plaintiff has requested *in forma pauperis* status.  To determine whether a party should be

allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915, a court should review the overall financial situation of the applicant, including all of the assets and liabilities of the applicant. *See Zaun v. Dobbin*, 628 F.2d 990, 992-93 (7th Cir. 1980). *See also Romesburg v. Trickey*, 907 F.2d 258, 259 (8th Cir. 1990) (affirming dismissal of prisoner's case for misrepresenting his claim of poverty where it was later discovered, in contrast to his affidavit, that he owned real estate, even though he contended that it was worth only $5,000 and his elderly wife resided thereon).

The initial review of the Petition has been completed. The Court has examined the application to proceed *in forma pauperis* and finds that it is in the proper form and establishes the indigence of the Plaintiff. However, for the reasons discussed below concerning the review of the Complaint, the Court recommends dismissal of the application.

**B.      Initial Review.**

      **1.      Factual Allegations.**

The basis of the complaint seems to be a civil rights case against the Federal Bureau of Investigation for "unlawful clandestine activity" in the form of helicopter flights over Plaintiff's head or near his residence. He does not, however, state any statutes allegedly violated by the Federal Bureau of Investigation. For example, Mercier alleges:

> A short while ago, at 1:40pm on Wednesday June 20th, a large United States Army or Air Force Helicopter flew over the residence of the Petitioner - NNE to SSW - on a flight originating from Nellis Air force Base in northeastern Clark County Nevada.
>
> \*\*\*
> Note that on the way to the United States Post Office immediately after the 1:40pm helicopter overflight - the Las Vegas Police Helicopter broke from his aerial surveillance and flew overhead over the Petitioner, as a pedestrian, on 4th Street in downtown Las Vegas at 2:33pm.

Mercier allegedly believes that the government is preparing a "clandestine criminal case" against him and is in imminent danger of having "some federal muscle thrown at him shortly." He is therefore challenging the government's "Searching" of himself and on behalf of his daughter, Marisa C. Mercier, who lives in Salt Lake City.  He is also petitioning the Court to "remove the two parents of the wife of the Petitioner, who reside in Washington County, [Idaho], from off of any *sub rosa* clandestine Government criminal cased [sic] being assembled against the Petitioner."  Mercier then continues to recount the various other helicopter flights allegedly constituting such unlawful clandestine activity.

**2.     Standard of Review.**

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action.  28 U.S.C. § 1915(e)(2).  The Court must dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pleadings prepared by *pro se* litigants should be held to less stringent standards and are liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (court has obligation to construe the pleadings liberally in *pro se* cases).   A complaint may be dismissed as frivolous if it is premised upon "fantastic or delusional scenarios," infringement of a legal interest that does not exist, or outlandish theories. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  "A finding of factual frivolousness is appropriate when the facts as allged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  However, a complaint may not be dismissed simply because

REPORT AND RECOMMENDATION - 4

the facts and allegations may be unlikely.  *Denton*, 504 U.S. at 33.

        Despite finding that Plaintiff meets the requirements to proceed without prepayment of the filing fee, the finding is futile.  After a thorough review, it is unclear exactly what Plaintiff is alleging in his complaint.  He apparently believes that the government helicopters flying overhead are evidence of a conspiracy against him and constitute "searches."  However, he has not alleged, nor can he on the basis of the facts in his complaint, any violation of his civil rights perpetuated by the Defendant.  On its face, the Complaint is irrational and frivolous.  It is clear that the deficiencies in this Complaint can not be cured with leave to amend.  Therefore, the Complaint should be dismissed with prejudice.

REPORT AND RECOMMENDATION - 5

**RECOMMENDATION**

Based upon the foregoing, the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1)	Plaintiff's Complaint, (Docket No. 2), be **DENIED** with prejudice; and

2)	Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Docket No. 1), be **DISMISSED as MOOT**.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



DATED: January 17, 2008

Honorable Mikel H. Williams
Chief United States Magistrate Judge